## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 03-20123-09-CM |
| | ) | No. 05-3414 |
| WENDELL MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On March 4, 2004, defendant and eight co-defendants were charged in a twenty-nine count superseding indictment with multiple drug trafficking violations. Defendant was specifically named in four of the twenty-nine counts. Pursuant to a plea agreement entered into on November 8, 2004, defendant pleaded guilty to Count 15 – distribution of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 841(a)(1). The court sentenced defendant to seventy months imprisonment on January 31, 2005.

This case is before the court on defendant's Petition for Relief, which defendant filed on October 26, 2005. Defendant asks the court for a three-level reduction of his sentence. Defendant claims that "it was agreed" that he would receive a three-level reduction if he self-surrendered and that he, in fact, did so on March 14, 2005.

Defendant has characterized his motion as a "Petition for Relief." When a motion for a sentence reduction is not a direct appeal or a 28 U.S.C. § 2255 collateral attack, 18 U.S.C. § 3582(c) governs

whether modification of the sentence is appropriate. *United States v. Clayton*, 92 Fed. Appx. 703, 705 (10th Cir. 2004). The court can modify a sentence pursuant to § 3582(c) in only three circumstances: (1) on motion of the Director of the Bureau of Prisons, if special circumstances are present; (2) if statute or Fed. R. Crim. P. 35 permits; or (3) if the Sentencing Commission lowers the sentencing range. *Id.* The court finds that defendant's Petition for Relief does not fall within any of the three circumstances. Therefore, a reduction of his sentence under § 3582(c) is not warranted. But even if the court reviewed defendant's motion as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence (as the Clerk of the Court has characterized the motion), the result would be the same because defendant waived his right to appeal or collaterally attack his sentence when he signed a plea agreement with the government.

## I.     Plea Agreement

In response to defendant's motion, the government moved to enforce the plea agreement (Doc. 480). The government asks the court to enforce defendant's agreement that he would not appeal or collaterally attack any matter in connection with his sentence. If the court finds that the plea agreement is enforceable, then it will summarily dismiss the appeal. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

In determining the enforceability of a plea agreement, the court applies the test set forth in *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003), and adopted by the Tenth Circuit in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), which considers the following: (1) whether the disputed appeal or collateral attack is within the scope of the waiver; (2) whether the defendant's waiver was knowing and voluntary; and (3) whether enforcing the defendant's waiver would amount to a miscarriage of justice.

-2-

**A.      *Scope of Waiver***

To determine whether the disputed issue is within the scope of the waiver, the court first considers

the plain language of the plea agreement.  *Anderson*, 374 F.3d at 957.  The plea agreement, in its relevant

part, provides:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any
> matter in connection with this prosecution, conviction, and sentence.  The defendant is
> aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction
> and sentence imposed.  By entering into this agreement, the defendant knowingly waives
> any right to appeal a sentence imposed which is within the guideline range determined
> appropriate by the court.  The defendant also waives any right to challenge a sentence or
> manner in which it was determined in any collateral attack, including, but not limited to, a
> motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v.*
> *Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)].  In other words, the defendant
> waives the right to appeal the sentence imposed in this case except to the extent, if any, the
> court departs upwards from the applicable sentencing guideline range determined by the
> court.

The court construes this language "'according to contract principles and what the defendant

reasonably understood when he entered his plea.'"  *United States v. Arevalo-Jimenez*, 372 F.3d 1204,

1206 (10th Cir. 2004) (citation omitted).  The court strictly construes the waiver and resolves any

ambiguities against the government.  *Hahn*, 359 F.3d at 1343.

Here, defendant asks the court for a three-level reduction in his sentence because "it was agreed"

that defendant would receive a three level reduction in his sentence if he self-surrendered.  The court finds

that defendant's request falls within the scope of the plea agreement, where he agreed not to collaterally

challenge his sentence or the manner in which it was determined.

**B.      *Knowing and Voluntary***

In determining whether a waiver of collateral attack rights is knowing and voluntary, the court looks

at (1) whether the express language of the plea agreement states that the defendant entered the agreement

knowingly and voluntarily; and (2) whether there was an "adequate Fed. R. Crim P. 11(b)(2) colloquy."

*Id.* at 1325.

With regard to the first factor, the first sentence of the waiver provision in the plea agreement provides, "Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence." With regard to the second factor, Fed. R. Crim. P. 11(b)(2) states, "before accepting a plea of guilty . . . the court must address the defendant personally and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." At the hearing for defendant's change of plea, the court asked defendant about the charges against him and his plea agreement with the United States, which included the following exchange:

| | |
|---|---|
| The Court: | Has anyone made any different promises to you to induce you to plea guilty? |
| Defendant: | No, sir. |
| The Court: | Now the terms of the plea agreement are not binding on the Court and I could reject the recommendations of the plea agreement without permitting you to withdraw your plea of guilty and impose a sentence that might be more severe than you anticipate under the plea agreement. Do you understand that? |
| Defendant: | Yes, sir. |
| The Court: | Has anyone attempted in anyway to force you to plead guilty? |
| Defendant: | No, sir. |
| The Court: | Are you pleading guilty today of your own free will and because you are guilty? |
| Defendant: | Yes, sir. |

The factual circumstances surrounding the plea in this case serve as compelling evidence that defendant voluntarily and knowingly entered a plea. *See Hahn*, 359 F.3d at 1325 (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement).

C.    *Miscarriage of Justice*

An appeal waiver results in a miscarriage of justice, as may preclude its enforcement, only (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful; to satisfy fourth factor, error must seriously affect the fairness, integrity or public reputation of judicial proceedings.

*Anderson*, 374 F.3d at 959 (citing *Hahn*, 359 F.3d at 1327).  The defendant has the burden of showing that an appellate waiver results in a miscarriage of justice. *Id*.

Defendant has not made any arguments with respect to these factors, and the court finds no indication in the record that any factor is present in this case.  Accordingly, the court finds that enforcing the plea agreement would not result in a miscarriage of justice.

II.    **Conclusion**

The files and record before the court conclusively show that defendant is not entitled to relief under 18 U.S.C. § 3582(c) or 28 U.S.C. § 2255.  Accordingly, no evidentiary hearing is required.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that defendant's Petition for Relief (Doc. 437) is denied.

**IT IS FURTHER ORDERED** that the government's Response to Defendant's Petition for Relief and Motion for Enforcement of Plea Agreement (Doc. 480) is granted.

Dated this 28th day of July 2006, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**